IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.T.A., INC.,

        Plaintiff,

vs.                               Case No. 10-1028-JTM

NORTHERN NATURAL GAS CO.,

        Defendants.

MEMORANDUM AND ORDER

Several motions are before the court. First, defendant Northern Natural Gas Company has moved to dismiss the action, citing a forum selection clause in the contract between itself and the plaintiff S.T.A. Second, Badger Daylighting Corp. has moved to intervene in the action. Finally and most recently, Northern Natural Gas has moved for sanctions against S.T.A.

Northern Natural Gas is a Delaware corporation with principal offices in Omaha, Nebraska. Northern is authorized to do business in Kansas and operates substantial gas production fields, gas transportation lines, compressor and booster stations and other activities in Kansas.

Plaintiff, S.T.A. is a long-established but small pipeline repair company incorporated in Oklahoma with its principal and only offices located in Ponca City, Oklahoma.

All of the work and other events relating to this action occurred in Kansas at the Mullinville station operated by Northern. Mullinville is located approximately 60 miles west of Pratt, Kansas, and is primarily a booster station for Northern's gas pipelines. The other project encompassed in the contract is Bushton, which is also primarily a booster station located approximately 25 miles northeast of Great Bend, Kansas. The principal subcontractor, Badger Daylighting Company and its employees, who are witnesses, are located at Lyons, Kansas. Badger Daylighting is a Nevada corporation with its principal place of business in Pittsboro, Indiana.

All work performed by S.T.A. or its subcontractors was managed for, or subject to, the oversight of Northern by personnel in its Omaha, Nebraska offices. Plaintiff's work, all of which occurred in Kansas, is the principal area underlying Plaintiff's claim for payment. Badger Daylighting and Plaintiff have filed liens in Kiowa County, Kansas, under Kansas lien and lien foreclosure statutes.

Northern and S.T.A. are parties to a written Capital Construction Agreement ("Agreement") executed March 23, 2009, by S.T.A. and April 6, 2009, by Northern with an effective commencement date of March 23, 2009. Northern posted the Agreement with its bid for work. S.T.A., prior to making a bid to perform the work, had the opportunity to negotiate or request changes to or modifications of the terms and conditions of the Agreement. S.T.A. did not request any changes or modifications to the Agreement. Paragraph 35 of the Agreement provides as follows:

> Governing Law. Unless otherwise specified in a particular work offer, this agreement and the rights and duties of the parties arising out of this agreement **shall be governed by and construed in accordance with the Laws of the State of Nebraska**, except provisions of that law referring to governance or construction of the laws of another jurisdiction. Each party agrees to personal jurisdiction in any arbitration or action brought in any court, Federal or State, within Omaha, Nebraska, having subject matter jurisdiction over the matters arising under this agreement. Any

> suit, action, arbitration or proceeding arising out of or relating to this Agreement **shall only be instituted in Omaha, Nebraska**. Each party waives any objection which it may have now or hereafter to the laying of the venue of such action or proceeding and irrevocably submits to the jurisdiction of any such court in any such suit, action, arbitration or proceeding.

(Emphasis added).

S.T.A. asserts claims for breach of contract, quantum meruit, work schedule disruption and interference, breach of the Bushton project contract, fraud and exemplary damages. All of S.T.A.'s claims arise out of or relate to the Agreement.

S.T.A.'s witnesses are located in Ponca City, Oklahoma (80 miles south of Wichita, Kansas). Northern's witnesses are located in Omaha, Nebraska and Mullinville, Kansas. However, Northern's primary and principal witnesses are residents of Nebraska and domiciled in and around Omaha, Nebraska.

Northern filed a motion to dismiss S.T.A.'s petition for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) alleging that the Agreement mandates an Omaha, Nebraska venue. (Doc. 8 at 1).

"Venue refers to the place where a lawsuit should be brought." *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 277 F.Supp.2d 1120, 1129 (D. Kan. 2003). This court applies Fed. R. Civ. P. 12(b)(3) when enforcing forum selection clauses pursuant to a motion to dismiss for improper venue. *Jones v. KP & H LLC*, No. 06-CV-1381-JTM, 2007 WL 2155662, at *2 (D. Kan. July 26, 2007).

This court has previously stressed that "[f]orum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" *Jones v. KP &H LLC*, No. 06-CV-1381-JTM, 2007 WL 2155662, at *2 (D. Kan.

July 26, 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Riley v. Kingsley Underwriting Agencies, Ltd* ., 969 F.2d 953, 957 (10th Cir. 1992)).

The clause in question is a mandatory forum selection clause. Under that clause, Kansas is an inappropriate venue for this action. Although S.T.A. points to several relevant facts, such as the location of witnesses and the larger relative size of the defendant, which could be persuasive in the absence of Paragraph 35, that clause's presence renders venue in Kansas inappropriate. Plaintiff cites no cases from this jurisdiction which have found that such facts override the effect of a voluntarily agreed-to mandatory forum selection clause. None of the facts cited by S.T.A. establish that the contract was forced on it against its will, and the court finds that the forum selection clause is enforceable and binding.

The court further finds that transfer (generally the preferred choice in cases of misdirected venue) is inappropriate, as no party has requested it. Northern has moved for dismissal under Rule 12(b)(3) rather than transfer under 28 U.S.C. § 1404. In its response, S.T.A. argues that the court should neither dismiss the case nor transfer it (Dkt. 10 at 10), but does not request transfer in the event that the court finds that the case cannot be maintained in Kansas.

The Motion to Intervene by Badger Daylighting will be denied as moot in light of the court's finding that dismissal is required in the present action. Given the termination of the action, Badger has no dispute in which to intervene.

Finally, the court will deny the Motion for Sanctions. The defendant has argued that sanctions are appropriate because S.T.A. should not have opposed the motion to dismiss in light of the forum selection clause, citing Judge Lungstrum's decision in *School-Link Tech. v. Applied Resources*, No. 05-CV-2088-JWL, 2005 WL 2269182, at *2 (D. Kan. 2005) (holding that a narrowly drawn motion

to dismiss would fall "outside the realm of the § 1404(a) analytical framerwork"). The motion is without merit, since Northern has merely shown that S.T.A.'s opposition is without merit, not that it was advanced in bad faith. *See Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986). In opposition to *School-Link*, other courts have held that the factors of § 1404(a) remain appropriate, even if a defendant seeks dismissal under Rule 12(b)(3) or § 1406. *See General Pump & Well v. Laibe Supply*, No. 607-30, 2007 WL 4592103 at *2-3 (S.D. Ga. Dec. 28, 2007).

The court here finds that even applying the factors relevant under § 1404(a), venue is not valid in Kansas given the forum selection clause. Nevertheless, the presence of some factors supporting Kansas venue justifies denying Northern's Motion for Sanctions.

IT IS ACCORDINGLY ORDERED this day 28th of April, 2010, that the defendant's Motion to Dismiss (Dkt. 7) is granted, defendant's Motion for Sanctions (Dkt. 21) is denied, and Badger Daylighting's Motion to Intervene (Dkt. 11) is denied as moot.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE